UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAM TRAN,<br><br>       Petitioner,<br>  v.<br><br>KELLI E OSLER,<br><br>       Respondent. | Case No. 3:22-cv-05923-JCC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: January 27, 2023 |

Petitioner Tam Tran filed a Declaration and Application to Proceed In Forma Pauperis and Written Consent for Payment of Costs ("Application"). Dkt. 1. The District Court has referred Plaintiffs' Application to Proceed In Forma Pauperis ("IFP") to United States Magistrate Judge Theresa L. Fricke pursuant to Amended General Order 11-22. The Court has reviewed the Application and the proposed petition and finds Petitioner's case is duplicative. Accordingly, the Court recommends the Application (Dkt. 1) be denied and this case be dismissed without prejudice.

Petitioner has filed four actions seeking habeas relief that are substantially the same.[1] Each case appears to challenge his 2015 Clark County District Court judgment and sentence for driving under the influence. *See Tran v. Hagenson*, 3:22-CV-5922-BHS; *Tran v. Osler*, 3:22-CV-5923-JCC; *Tran v. Clark County Court*, 3:22-CV-5924-

---

[1] The Court notes it is not clear whether petitioner is seeking habeas relief. Yet, as petitioner has included the decision of the state court regarding his state personal restraint petition and appears to seek relief from his judgment and sentence, the Court construes his filings as seeking habeas relief.

REPORT AND RECOMMENDATION - 1

BHS; *Tran v. Clark County Court*, 3:22-CV-5925-BHS. In cause number 3:22-CV-5924-BHS, the Court has notified Petitioner that he should not file multiple cases challenging the same state judgment and sentence. *See* Dkt. 3 (Order to Show Cause) at 5-6. The Court provided Petitioner with an opportunity to amend his proposed petition in cause number 3:22-CV-5924-BHS and directed him to include all grounds for relief arising from the 2015 judgment and sentence challenged in this case.

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.* at 688. Thus, a district court may dismiss a habeas action that is clearly duplicative of a pending, earlier-filed habeas action. *E.g. Diaz v. Frauenheim*, 2020 WL 730849, at *3 (C.D. Cal. Feb. 12, 2020).

The Ninth Circuit has held that a later-filed habeas petition should generally be considered a motion to amend an earlier-filed pending habeas petition. *See Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008). Consistent with *Woods*, Petitioner has been given notice and is currently being allowed to amend his petition in cause number 3:22-CV-5924-BHS. As noted above, now that Petitioner has been given an opportunity to bring all his claims under cause number 3:22-CV-5924-BHS, the Court has discretion to

dismiss this matter as duplicative. Therefore, the undersigned recommends the IFP Application (Dkt. 1) be denied and this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on January 13, 2023, as noted in the caption.

Dated this 9th day of January, 2023.

*[signature]*

Theresa L. Fricke
United States Magistrate Judge

NOTING DATE: JANUARY 27, 2023 - 3